**SO ORDERED.**

**SIGNED this 12 day of February, 2016.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                  CASE NO. 09-06845-8-SWH

**MAXIMUS EZIUDO FREDERICK**
                                                                              CHAPTER 13
            **DEBTOR**

### ORDER DENYING MOTION TO REMOVE CASE FROM PUBLIC RECORD

This matter comes before the court upon the Motion to Remove from Public Record ("Motion to Expunge") filed by Maximus Eziudo Frederick ("Debtor") on December 7, 2015. The court conducted a hearing ("Hearing") on January 20, 2016 in Raleigh, North Carolina. The *pro se* Debtor appeared on behalf of himself, and Michael B. Burnett, Esq. appeared for Chapter 13 trustee John F. Logan, Esq. ("Trustee"). Based upon the court records and arguments of the Debtor and the Trustee, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.      The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on August 14, 2009, Case Number 09-06845-8-JRL ("2009 Bankruptcy"), and the court appointed the Trustee to administer the case pursuant to 11 U.S.C. § 1302.  On October 28, 2009, the court entered an order dismissing the 2009 Bankruptcy for failure to file a certificate of credit counseling.  Subsequent to the dismissal of the 2009 Bankruptcy, on January 15, 2010, the Debtor filed a second Chapter 13 petition for relief, Case Number 10-00322-8-SWH ("2010 Bankruptcy").  Trawick H. Stubbs, Jr., Esq. served as the Chapter 13 trustee in the 2010 Bankruptcy.  On July 8, 2010, the court entered an order dismissing the 2010 Bankruptcy for failure to make payments pursuant to a proposed Chapter 13 plan and failure to obtain confirmation of the plan.

3.      In the Motion to Expunge, the Debtor requests the court to expunge and remove from public record both the 2009 Bankruptcy and the 2010 Bankruptcy (collectively "Bankruptcies").  In support of this request, the Debtor asserts that neither of the Bankruptcies was completed and the public record of the Bankruptcies is adversely affecting the Debtor's credit and financial rehabilitation.  At the Hearing, the Debtor explained that the Bankruptcies were filed to stay foreclosures which the Debtor believed to be wrongfully initiated.  The Debtor further advised the court that since the dismissals of the Bankruptcies, the foreclosure dispute has been resolved, and the Debtor is making efforts to stay current in his financial obligations.  For these reasons, the Debtor believes that the Bankruptcies should be expunged and removed from his credit record.

4.      Counsel for the Trustee informed the court that after the 2009 Bankruptcy was filed, the Debtor did not comply with any imposed requirements such as attending the meeting of creditors pursuant to 11 U.S.C. § 341, submitting a proposed Chapter 13 plan, or providing the Trustee with requested financial documents and information.

5. The Code specifically provides for public access to papers filed in a bankruptcy case and to the dockets of bankruptcy courts. 11 U.S.C. § 107(a). As a result, "[w]hile relatively common in criminal courts, the expungement of bankruptcy cases appears to be a rare event exercised with the greatest of prudence by bankruptcy judges under the equitable powers implied under 11 U.S.C. § 105." *In re Bupplemann*, 269 B.R. 341 (Bankr. M.D. Pa. 2001).

6. In addition to its equitable powers under 11 U.S.C. § 105(a), a bankruptcy court has statutory authority to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a [bankruptcy case]." 11 U.S.C. § 107(b)(1). Most cases that grant an expungement draw upon this statutory authority and involve bankruptcies that were filed either in error or as a result of fraud. For example, pursuant to 11 U.S.C. §§ 105 and 107(b)(1), this court expunged the records of a bankruptcy filed in the debtor's name by her husband, without her knowledge or authority. *In re Mangum*, 2012 Bankr. LEXIS 2685 at *5-6 (Bankr. E.D.N.C. 2012). *See also In re Storay*, 364 B.R. 194, 196 (Bankr. D.S.C. 2006) (granting debtors' request for expungement because their attorney filed the petition without authorization); *In re Brock*, 2004 Bankr. LEXIS 2536 at *7-8 (Bankr. D.S.C. 2004) (expunging case filed without authorization of debtors pursuant to 11 U.S.C. §§ 105 and 107(b)(2)).

7. In *In re Wyatt*, Case No. 05-01133 (Bankr. D.C. Mar. 13, 2008), the United States Bankruptcy Court for the District of Columbia considered a request for expungement in a case similar to the Debtor's Bankruptcies. In *Wyatt*, the debtor voluntarily dismissed a Chapter 7 proceeding after reaching a settlement with the only creditor scheduled in the case. Subsequently, the debtor was unable to obtain a low interest rate loan due to her previous bankruptcy filing, so she requested expungement of the case from public record. The *Wyatt* court denied the request and opined that:

3

> [t]he court does not believe that it has authority under 11 U.S.C. § 105 to enter an order expunging the debtor's bankruptcy case. Lenders are entitled to inquire whether the debtor ever filed a prior bankruptcy case if they fear that is a sign that the debtor is a poor credit risk. Nothing in the Bankruptcy Code suggests that the court should expunge a bankruptcy filing so that lenders are deprived of that information (unless the filing was a fraudulent filing, one not authorized by the debtor). The debtor knowingly commenced this case, and, unfortunately, despite the court's sympathy for her plight, must suffer the consequence of a poor credit record arising from the filing.

*Id.*

8. Similar to the debtor in *Wyatt*, the Debtor voluntarily filed each of the Bankruptcies and admittedly obtained some benefit from the filings in that pending foreclosures were stayed. While the court applauds the Debtor's current efforts in rehabilitating his finances and encourages the Debtor to continue managing his debt, the court does not possess any authority, either statutory or equitable, to expunge the Bankruptcies from public record; now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Motion to Expunge be, and hereby is, denied.

**END OF DOCUMENT**